**3**

Walter R. Dahl, CSB No. 102186 [wdahl@DahlLaw.net]
Andrew Brian Reisinger, CSB No. 277472 [abreisinger@DahlLaw.net]
**DAHL LAW, ATTORNEYS AT LAW**
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 741-3346

Attorneys for Caffe Ettore Incorporated,
a California corporation

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In Re:<br><br>**Caffe Ettore Incorporated, a California corporation**<br><br>1168 National Drive, Suite 10, Sacramento, CA 95834<br>TIN: xx-xxx1447<br><br>Debtor(s). | Case No.: 18-22152-B-11<br>DC No.: DL-01<br><br>Date: April 17, 2018<br>Time: 2:00 PM<br>Judge: Jaime<br>Courtroom: 32; Dept. B<br>Place: 501 I Street, 6th Floor<br>Sacramento CA 95814 |

**MOTION FOR ORDER AUTHORIZING PAYMENT OF
EMPLOYEE PRE-PETITION WAGES & BENEFITS
[11 U.S.C. §§ 507(a)(4); 507(a)(5); 105(a)]**

    Caffe Ettore Incorporated, a California corporation ("Debtor"), hereby moves the Court pursuant to 11 U.S.C. §§ 507(a)(4), 507(a)(5), and 105(a) for an order authorizing payment of employee wages and benefits earned pre-petition. This motion seeks authority for payment of amounts entitled to priority claim status under the provisions of 11 U.S.C. §507(a) of the Bankruptcy Code.

    1. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [11 U.S.C. §101, et seq.] on April 10, 2018. No trustee has been appointed in Debtor's Chapter 11 case, and Debtor is managing its affairs as debtor-in-possession.

2. This court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

3. Debtor owns and operates Ettore's Bakery & Café locations in Roseville and Sacramento, California, and a production facility in Sacramento, California. Debtor's businesses provide dining services, catering, sale of pastries, custom desserts and wedding cakes at retail. Debtor also supplies baked goods at wholesale to Nugget supermarket locations in Marin, Sonoma and Sacramento Counties, as well as to other trade customers.

4. Debtor's business operates 24 hours a day, seven days a week and Debtor employs approximately 165 employees in all facets of Debtor's business operations. The filing of the Chapter 11 case on April 10, 2018, bracketed Debtor's normal payroll payment period.

5. Debtor's next payroll is scheduled to be disbursed starting April 20, 2018, covering the period April 1 though April 15, 2018. Debtor's gross payroll and benefits for this period will be approximately $208,125, and covers approximately 165 employees.

6. Approximately two-thirds of Debtor's next payroll, or approximately $139,000 in wages and benefits, is for wages and benefits earned pre-petition, through April 10, 2018.

7. Debtor is requesting authorization, pursuant to 11 U.S.C. §§507(a)(4), 507(a)(5) and 105(a) to include in its next normally scheduled payroll, the pre-petition wages and benefits to its employees. Because Debtor has approximately 165 employees, Debtor projects that it will have approximately $139,000.00 in accrued and unpaid pre-petition payroll obligations. All applicable payroll taxes and related benefits due to Debtor's employees will be paid concurrently with the payment of the pre-petition wages.

8. Debtor fears that absent prompt payment of employee wages and benefits, its employees will suffer significant hardships, and may not be able to meet their on-going personal obligations. Further, as some of Debtor's employees are solely dependent on these wages for the entirety of their support, irreparable harm could occur to Debtor if these workers decided to quit due to nonpayment of their earned, but unpaid, wages. As Debtor's business operates wholesale bakery and café locations, as well as providing specialized baked goods to Nugget Market locations and custom baked creations for

customers, these employees are critical to the success of Debtor's business and their loss would hinder Debtor's ability to reorganize. In particular, the majority of Debtor's employees are personally involved in the creation and sale of Debtor's baked goods and other food products, and possess unique skills and experience which cannot be easily replaced or substituted.

9. As noted above, the pre-petition wages and benefits Debtor proposes to pay pursuant to this motion are well below the $12,850 ceiling on priority wage and benefit claims provided by Section 507(a), and average approximately $842.50 per employee.

10. Debtor believes the timely payment of employee wages and benefits, including the pre-petition amounts referenced above, is necessary and desirable to Debtor's successful reorganization, and that such payments are in the best interests of creditors and the estate.

**WHEREFORE**, Debtor prays:

1. For an order authorizing the payment of pre-petition employee wages and benefits in the approximate amount of $139,000 pursuant to 11 U.S.C. §§507(a)(4), 507(a)(5) and 105(a);

2. For such other and further relief as the Court deems proper.

Dated:  April 12, 2018

DAHL LAW,
ATTORNEYS AT LAW

By: /s/  Walter R. Dahl
       Walter R. Dahl
Attorneys for Caffe Ettore Incorporated, a California corporation

\\Dahl-sbs\wdox\DATA\CLIENTS\C193\01\00030047.WPD

3