**5**
**JASON BLUMBERG, NY State Bar No. 4055257**
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 / Fax (916) 930-2099
greg.powell@usdoj.gov
jason.blumberg@usdoj.gov

Attorneys for the United States Trustee,
Region 17, Tracy Hope Davis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 18-22152-B-11 |
| | DC No.: DL-03 |
| **CAFFE ETTORE INCORPORATED,** | |
| | Date: May 1, 2018 |
| | Time: 2:00 p.m. |
| | Dept.: B |
| Debtor. | Courtroom: 32 |
| _____/ | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION**
**TO EMPLOY ATTORNEY FOR DEBTOR IN POSSESSION**

The United States Trustee for the Eastern District of California (the "**UST**") hereby files this limited objection (the "**Objection**") to the Debtor's motion (docket no. 37) (the "**Motion**") to employ Dahl Law ("**Counsel**"). In support of the Objection, the UST respectfully states as follows:

1

## I. INTRODUCTION

1. In principle, the UST has no opposition to Counsel's employment.

2. Nor does the UST take a position on the reasonableness of the post-petition retainer payments described in the Motion, <u>provided</u> that (i) the payments are maintained in Counsel's client trust account pending allowance of fees under 11 U.S.C. §§ 330, 331, (ii) the payments are deemed to be an advance payment of fees and to be property of the bankruptcy estate, and (iii) any payments in excess of the $24,000 set forth in Paragraph 8 of the Motion must be separately approved by the Court.

3. However, two terms of the employment are objectionable. The <u>first</u> is Counsel's proposed lien on the post-petition payments. The lien may alter the carefully chosen priority rules of 11 U.S.C. §§ 507(a)(2) and 726(b).

4. The <u>second</u> objectionable term is Counsel's proposed $5,000 flat fee for services rendered after conversion of this case to Chapter 7. Simply put, post-conversion services rendered by a debtor's attorney are not compensable from the estate.

## II. FACTUAL BACKGROUND

5. This case was filed on April 10, 2018. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

6. The Motion seeks approval of a procedure by which the Debtor will augment Counsel's existing retainer <u>with post-petition payments</u>. The post-petition payments will be at least $4,000 per month over 6 months. <u>See</u> Motion, at ¶¶ 7-8.

7. The post-petition payments will "be deposited into [Counsel's] client trust account, and billed against [Counsel's] standard hourly rates plus certain actual and necessary costs." <u>See</u> Motion, at ¶ 8.

8. The payments would be subject to a security interest granted to Counsel. See Motion, at ¶ 10.

9. Further, if this case were to convert to Chapter 7, the Motion contemplates that Counsel would be entitled to a "lump sum fixed fee in the amount of $5,000" for post-conversion services. This fee "shall be deemed earned immediately prior to conversion from Chapter 11 to Chapter 7 and shall be treated as a Chapter 11 administrative expense subject to court approval." See Motion, at ¶ 11.

### III. OBJECTION

10. Counsel bears the burden to "establish that proposed terms and conditions of employment are reasonable." See In re C&P Auto Transport, Inc., 94 B.R. 682, 686 (Bankr. E.D. Cal. 1988); see also 11 U.S.C. § 328(a).

**A. The UST Takes No Position on the Post-Petition Retainer Payments, Provided Certain Conditions are Satisfied.**

11. "In general, professionals must file applications for compensation which are subject to a noticed hearing prior to the allowance or payment of fees." See In re Knudsen Corp., 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988) (emphasis in original). Only in the "rare" case may post-petition payments be made to professionals prior to the allowance of their fees. Id.

12. As explained by the Knudsen Court, "rare" cases are those in which the court can make the following findings:

- The case "is an unusually large one" in which an "exceptionally large amount of fees" accrue each month;

- The court is convinced that waiting an extended period for such payment would place an "undue hardship" on counsel;

- The court is satisfied that counsel can respond to any reassessment; "and"

- The fee retainer procedure is, itself, subject of a noticed hearing prior to any payment thereunder.

See In re Knudsen Corp., 84 B.R. at 672-73 (emphasis added).

13. Here, the UST takes no position on whether Counsel has met its burden as to the post-petition retainer payments described above, <u>provided</u> that (i) the payments are maintained in Counsel's client trust account pending allowance of fees under 11 U.S.C. §§ 330, 331,[1] (ii) the payments are deemed to be an advance payment of fees and to be property of the bankruptcy estate, and (iii) any payments in excess of the $24,000 set forth in Paragraph 8 of the Motion must be separately approved by the Court.

**B.     The Proposed Lien on Post-Petition Retainer Payments and the Proposed Post-Conversion Fee Are Unreasonable.**

14. The UST opposes the request to grant Counsel a lien on the post-petition payments. Counsel has not addressed how this lien would be a reasonable term and condition of its employment. See 11 U.S.C. § 328(a).

15. Conceivably, the lien would trump the priority provisions of 11 U.S.C. §§ 507(a)(2) and 726(b). See, e.g., In re Dick Cepek, Inc., 339 B.R. 730, 739 (B.A.P. 9th Cir. 2006) (holding that pre-petition security retainers are not subject to disgorgement "simply to achieve equal distribution among similar creditors under Section 726(b)").

16. The UST also opposes the $5,000 fixed fee for post-conversion services, to the extent paid from property of the estate. Post-conversion services are not compensable from the estate under 11 U.S.C. § 330. See Lamie v. United States Trustee, 540 U.S. 526 (2004).

17. In Lamie, the Supreme Court held that Section 330 "does not authorize compensation awards to debtors' attorneys from estate funds, <u>unless they are employed as</u>

---

[1] The Knudsen Panel identified holding funds in a trust account as a method for assuring the recovering of payments if necessary. 84 B.R. at 672.

4

authorized by § 327." See id. at 538 (emphasis added). The Lamie Court thus affirmed the denial of compensation to a debtor's attorney for services rendered after conversion of a Chapter 11 case to Chapter 7. Id. at 529. The reason is that conversion to Chapter 7 "terminated [the debtor's] status as debtor-in-possession and so terminated [counsel's] service under § 327 …." Id. at 532.

## IV. CONCLUSION

Based on the foregoing, the UST respectfully requests that this Court sustain the Objection and grant the Motion only on the terms set forth above.

Executed in Sacramento, California on April 30, 2018.

                                             Respectfully submitted,

                                             TRACY HOPE DAVIS
                                             UNITED STATES TRUSTEE

                                             By: /s/ Jason Blumberg_____
                                             JASON BLUMBERG

                                             Office of the United States Trustee
                                             501 "I" Street, Suite 7-500
                                             Sacramento, CA 95814-2322
                                             Direct Phone: (916) 930-2076
                                             Fax: (916) 930-2099
                                             E-mail: jason.blumberg@usdoj.gov